UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DENNIS R. HOPKINS,

           Plaintiff,

v.

JEFF VACURA, et al.,

           Defendants.

Case No. C07-5293RJB

ORDER DISMISSING CASE

The matter comes before the court on plaintiff's response (Dkt. 5) to the court's Order to Show Cause (Dkt. 4). The court has reviewed the relevant documents and the remainder of the file herein.

## PROCEDURAL HISTORY

On June 12, 2007, plaintiff filed a civil rights action against Jeff Vacura, Case Manager for Comprehensive Mental Health; David Dula, Human Service of Pierce County; and Debra Whitt, Community Manager of Dobler Management Company, Inc. Dkt. 1. Although it is not clear, the complaint appears to allege that Mr. Dula, Mr. Vacura, and Ms. Whitt conspired to deprive plaintiff of his rights, privileges and immunities. The complaint alleges that (1) Mr. Vacura tampered with a closed case plaintiff had filed in federal court, *Hopkins v. Indeterminate Sentencing Review Board*, C03-5682RBL; (2) Mr. Vacura filed false reports to Human Service of Pierce County, apparently in connection with a proceeding related to involuntary treatment; (3) Mr. Vacura conspired with Ms. Whitt to stop paying plaintiff's monthly rent, without plaintiff's permission so that plaintiff was forced to move; and (4) Mr.

ORDER
Page - 1

1  Vacura and Ms. Whitt stole his important papers and personal property. Dkt. 3.

2  On June 14, 2007, the court issued an Order to Show Cause, directing that plaintiff show cause, in
3  writing, not later than July 5, 2007, why this case should not be dismissed; and that, if plaintiff failed to
4  timely respond to the order to show cause, or if he otherwise failed to show cause, the court would dismiss
5  this case. Dkt. 4.

6  On June 29, 2007, the court received plaintiff's response to the Order to Show Cause. Dkt. 5. In
7  his response, plaintiff reiterated the claims in his original complaint. Plaintiff stated that Mr. Vacura, a case
8  manager for Comprehensive Mental Health, used false reports, including information about a case he had
9  filed in this court, *Hopkins v. Indeterminate Sentencing Review Board*, C03-5682RBL, in connection with
10 a petition requesting involuntary commitment. Plaintiff further claims that Mr. Vacura conspired with Ms.
11 Debra Whitt, manager of Maples Apartment, to steal and/or destroy plaintiffs' personal papers and
12 clothing.

## DISCUSSION

14  In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (1) the conduct
15 complained of was committed by a person acting under color of state law, and that (2) the conduct
16 deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United
17 States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*,
18 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of
19 these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478
20 U.S. 1020 (1986).

21  It is unclear whether the named defendants acted under color of state law. However, even if they
22 did, the complaint filed in this matter is deficient and does not state a federal constitutional claim.

23  Plaintiff contends that Mr. Dula, Mr. Vacura, and Ms. Whitt conspired to deprive him of his rights,
24 privileges and immunities. In order to state a claim for violation of civil rights, a plaintiff must set forth the
25 specific factual bases upon which he claims each defendant is liable. *Aldabe v. Aldabe*, 616 F.2d 1089,
26 1092 (9th Cir. 1980). Vague and conclusory allegations of official participation in civil rights violations
27 are not sufficient to support a claim under 42 U.S.C. § 1983. *Ivey v. Board of Regents*, 673 F.2d 266 (9th
28 Cir. 1982). Because plaintiff filed this complaint *pro se*, the court has construed the pleadings liberally and

has afforded plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988).

Plaintiff first claims that Mr. Vacura tampered with a closed case plaintiff had filed in federal court, *Hopkins v. Indeterminate Sentencing Review Board*, C03-5682RBL and/or used information about this case in a petition related to civil commitment. To the extent that plaintiff claims Mr. Vacura tampered with the file after it was closed, the electronic case file does not show that the record was tampered with. If plaintiff claims that Mr. Vacura submitted false information in C03-5682RBL, there is no evidence that Mr. Vacula submitted anything in that case. To the extent that plaintiff attempts to reallege civil rights violations in the Indeterminate Sentencing Review Board proceeding which he attempted to challenge in C03-5682RBL, that case has been dismissed and may not be relitigated. Finally, any claim that Mr. Vacura used information about this closed case as part of a petition related to civil commitment, as discussed below, Mr. Vacura is entitled to prosecutorial immunity.

Second, plaintiff contends that Mr. Vacura filed false reports to Human Service of Pierce County, apparently in connection with a proceeding related to involuntary treatment. Assuming that Mr. Vacura filed a report in connection with a petition requesting involuntary treatment, Mr. Vacura would be entitled to prosecutorial immunity. *See Meyers v. Contra Costa County Dept. of Social Services*, 812 F.2d 1154, 1157 (9th Cir.1987)(social worker entitled to prosecutorial immunity for his role in initiating and pursuing dependency petitions in cases of suspected child neglect and abuse).

Third, plaintiff claims that Mr. Vacura conspired with Ms. Whitt to stop paying plaintiff's monthly rent, apparently to Ms. Whitt's company; and that Mr. Vacura and Ms. Whitt arranged for plaintiff to move, without his consent. Plaintiff has not shown that this conduct rises to the level of a constitutional violation.

Fourth, plaintiff contends that Mr. Vacura and Ms. Whitt stole his important papers and personal property. Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law. *Baker v. McCollan*, 443 U.S. 137, 146 (1979). An unauthorized deprivation of property does not constitute a due process violation if a meaningful postdeprivation remedy for the loss is available. *Hudson v. Palmer*, 468 U.S. 517 (1984). To the extent that Mr. Vacura and Ms. Whitt can be considered to have been acting under color of state law, plaintiff has

1 such a remedy available to him under the procedures set forth in RCW 4.96 (claims against local
2 government entities). Washington's tort claims provisions provide a damages remedy to persons who have
3 suffered from the tortious conduct of the State, local government, or their political subdivisions. Plaintiff's
4 claim that Mr. Vacura and Ms. Whitt stole his papers and personal property does not state a federal
5 constitutional claim.

6     A federal court may dismiss *sua sponte* pursuant to Fed.R.Civ..P. 12(b)(6) when it is clear that the
7 plaintiff has not stated a claim upon which relief may be granted. *See Omar v. Sea-Land Serv., Inc.*, 813
8 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6)....
9 Such a dismissal may be made without notice where the claimant cannot possibly win relief."). *See also*
10 *Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) (there is little doubt a federal court
11 would have the power to dismiss frivolous complaint sua sponte, even in absence of an express statutory
12 provision). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745
13 F.2d 1221, 1228 (9th Cir. 1984).

14     In this case, construing all facts in plaintiff's favor, the complaint does not state a federal
15 constitutional claim. Plaintiff was afforded the opportunity to show cause why the complaint should not be
16 dismissed. The court carefully reviewed his response to the Order to Show cause. Plaintiff has not stated
17 a federal constitutional claim. Accordingly, the complaint should be dismissed.

18     Therefore, it is hereby
19     **ORDERED** that the complaint and cause of action in this matter are **DISMISSED**.
20     The Clerk is directed to send plaintiff a copy of this Order.
21     DATED this 2nd day of July, 2007.

                      Robert J. Bryan
                      United States District Judge